**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

_____

MARK DADDAZIO and : 
PATRICIA BLAUSER, :
on behalf of :
themselves and all others :
similarly situated, :
:
:
    Plaintiffs, :
: Civil Action No. 1:23-cv-00635-JPW
         vs. :
:
:
VALERIE A. ARKOOSH, in :
her official :
capacity as Acting Secretary of :
the Pennsylvania Department :
of Human Services, :
:
:
    Defendant. :

_____

## ORDER

Upon consideration of Plaintiffs' Motion for Class Certification, it

is hereby Ordered on this 12th day June, 2023 as follows:

    1.    The Motion is GRANTED based on the following findings:

        a.    The requirements of Federal Rule of Civil Procedure

23(a) are satisfied.

            i.    The evidence indicates that there are more than

800 civilly committed patients in the state hospital system.  Each of these

individuals is entitled to receive services in the least restrictive environment possible and the state hospital system has an obligation to ensure that each of these individuals is appropriately evaluated for inclusion in the community.  Thus, the class satisfies Rule 23(a)(1)'s numerosity requirement.

ii.     There are questions of law and fact that are common to the Plaintiffs and all class members stemming from Defendant's policies and practices sufficient to satisfy Rule 23(a)(2), including:  (1) whether DHS fails to perform proper, individualized assessments to determine the community-based services that residents need for them to be discharged; (b) whether DHS fails to adequately fund counties to enable them to develop appropriate community-based programs for residents; (c) whether DHS has a viable, working integration plan with benchmarks and timelines; (d) whether DHS violates the ADA by failing to provide services to residents in the most integrated setting appropriate to their needs; and (e) whether DHS violates the ADA by using methods of administration that have the effect of discriminating against state hospital residents by continuing their unnecessary institutionalization.

iii.     The Plaintiffs' claims are typical of those of the class members in accordance with Rule 23(a)(3).  The Plaintiffs' and class

members' claims arise out of the same policies and practices of the

Defendant and are based on the same legal theories.

              iv.      Plaintiffs will fairly and adequately prosecute this

lawsuit in accordance with Rule 23(a)(4).  Plaintiffs have no interests

antagonistic to the class members.  Plaintiffs also have retained qualified

counsel who have knowledge and experience in class actions and federal

disabilities law and who have conducted an appropriate investigation of the

potential claims.

           b.     The requirements of Federal Rule of Civil Procedure

23(b)(2) are satisfied given that final declaratory and injunctive relief will be

appropriate for the class as a whole.

     2.     This action will proceed as a class action pursuant to Federal

Rule of Civil Procedure 23(b)(2) on behalf of the following class:  Current

and future residents of Pennsylvania's six state-operated psychiatric

hospitals, excluding individuals subject to commitment pursuant to 50 P.S.

§ 7401–07 (commitments of persons charged with a crime or under

sentence), and 42 Pa. Cons. Stat. Ann. § 6403 (court-ordered involuntary

treatment for certain sexual offenses).

     3.     The named Plaintiffs are appointed as representatives of the

class.

4.      Attorneys from Disabilities Rights Pennsylvania are appointed

as class counsel for the class.

5.      Plaintiffs and the class will pursue the claims set forth in Counts

I and II of the Complaint.

_____s/ Jennifer P. Wilson_____
The Honorable Judge Jennifer P. Wilson
